UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


DESIMONE HOSPITALITY SERVICES, LLC,

      Plaintiff,

v.                                  Misc. Action No.: 2:14-00063
                                    (A.P. 2:14-2036)


WEST VIRGINIA-AMERICAN WATER COMPANY,

      Defendant.


SHAPE SHOP, INC.
and THELMA FAYS, LLC
d/b/a THELMA FAYS CAFE,

      Plaintiffs,

v.                                  Misc. Action No. 2:14-00038
                                    (A.P. No. 2:14-2008)


FREEDOM INDUSTRIES, INC.
and AMERICAN WATER WORKS
SERVICE COMPANY, INC.
and WEST VIRGINIA AMERICAN
WATER COMPANY,

      Defendants.


NOEL HARDMAN and BRIAN VANNOY and
DIANA JOHNSON and COURTNEY HARPER and
KATHRYN CASTO and ROBERT STRINGER and
KIMBERLY LAPSLEY and TIMOTHY WILBURN and
MEAGAN KRASYK and HEIDI STRICKLEN and
MARK STRICKLEN and SONJA MARSHALL and
MARLENE DIAL and MARGARET SUE ZALENSKI and
JOSEPH ZALENSKI and JAMES PARSONS and
JANET ATKINS and KEITH ROEHL and
LISA ROEHL and CARL CHADBAND and
KRISTI CHADBAND and WILLIAM LIPSCOMB and
DEBRA LIPSCOMB and APRIL HARRIS and
ARMELIA PANNELL and LENOX CHANDLER and

1

JOHNETTE JASPER and LATAUSHA TAYLOR and
KEVIN STUBBLEFIELD and MARTHA STUBBLEFIELD and
TAMMY PARSONS,

       Plaintiffs,

v.                             Misc. Action No. 2:14-00039
                                  (A.P. No. 2:14-2009)

FREEDOM INDUSTRIES, INC. and
WEST VIRGINIA-AMERICAN WATER COMPANY,

       Defendants.


MADDIE P. FIELDS,

       Plaintiff,

v.                             Misc. Action No. 2:14-00040
                                  (A.P. No. 2:14-2010)

FREEDOM INDUSTRIES, INC. and
WEST VIRGINIA-AMERICAN WATER COMPANY,

       Defendants.

RODOCO, INC. d/b/a DONUT CONNECTION, and
ALMOST HEAVEN BURGERS, INC.
d/b/a CHECKERS DRIVE-IN RESTAURANT
and HARGIS UNLIMITED, LLC
d/b/a KANAWHA CITY COIN LAUNDRY
and MELANIE MARTIN
and MEGAN SPEARS
and SYRRA SALON LLC
and PAUL KIRK
d/b/a BARE KNUCKLES TATTOO SHOP,

       Plaintiffs,

v.                             Misc. Action No. 2:14-00041
                                  (A.P. No. 2:14-2011)

FREEDOM INDUSTRIES, INC. and
WEST VIRGINIA-AMERICAN WATER COMPANY,

       Defendants.

2

EG & K INC.
and RUSTY A. CARPENTER,

      Plaintiffs,

v.                                    Misc. Action No. 2:14-00042
                                      (A.P. No. 2:14-2012)

FREEDOM INDUSTRIES, INC. and
WEST VIRGINIA-AMERICAN WATER COMPANY, and
JOHN DOE CORPORATION 1 THROUGH 5
and JOHN DOE,

      Defendants.


SUSAN K. DYER
individually and on behalf of
all others similar situated,

      Plaintiff,

v.                                    Misc. Action No. 2:14-00043
                                      (A.P. No. 2:14-2013)

FREEDOM INDUSTRIES, INC. and
WEST VIRGINIA-AMERICAN WATER COMPANY,

      Defendants.


5 CORNERS CAFÉ, LLC and
THE VINTAGE BARBER SHOP and
JUSTIN A. AMOS,

      Plaintiffs,

v.                                    Misc. Action No. 2:14-00044
                                      (A.P. No. 2:14-2014)

FREEDOM INDUSTRIES, INC.,

      Defendant.

**CANDICE HENRY MAHOOD**
**and CARRIE ANN SAMUELS**
**and KATHERINE ELLA GRUBB**
**and KELLI OLDHAM**
**and ELIZABETH GRUBB,**

      **Plaintiffs,**

**v.**                          **Misc. Action No. 2:14-00045**
                                   **(A.P. No. 2:14-2015)**

**FREEDOM INDUSTRIES, INC. and**
**DENNIS FARRELL and**
**WEST VIRGINIA AMERICAN WATER COMPANY**
**and OFFICIAL COMMITTEE OF**
**UNSECURED CREDITORS FOR**
**FREEDOM INDUSTRIES, INC.,**

      **Defendants.**


**VON HARVEY,**

      **Plaintiff,**

**v.**                          **Misc. Action No. 2:14-00046**
                                   **(A.P. No. 2:14-2016)**

**FREEDOM INDUSTRIES, INC. and**
**WEST VIRGINIA AMERICAN WATER and**
**AMERICAN WATER WORKS SERVICE COMPANY, INC. and**
**OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR**
**FREEDOM INDUSTRIES, INC.,**

      **Defendants.**

PRAY CONSTRUCTION COMPANY and
A-LEX, INC. and
GRUMPY'S GRILLE, LLC and
TWOD INC.,

      Plaintiffs,

v.                               Misc. Action No. 2:14-00047
                                 (A.P. No. 2:14-2017)

FREEDOM INDUSTRIES, INC. and
WEST VIRGINIA AMERICAN WATER
OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR
FREEDOM INDUSTRIES, INC.,

      Defendants.


JOE FAZIO'S RESTAURANT, INC.,

      Plaintiff,

v.                               Misc. Action No. 2:14-00048
                                 (A.P. No. 2:14-2018)

FREEDOM INDUSTRIES, INC. and
WEST VIRGINIA AMERICAN WATER,

      Defendants.


LAURA GANDEE,
individual and as representative
of others similarly situated,

      Plaintiff,

v.                               Misc. Action No. 2:14-00049
                                 (A.P. No. 2:14-2019)

FREEDOM INDUSTRIES, INC.,

      Defendant.

5

JOHN NELSON and
WANDA TRIBBIE,
an individual and as representative
of and along with "other stylists
or barbers, located in Kanawha,
Putnam, Boone, Jackson, Cabell, Clay
Lincoln, Logan and Roane Counties
similarly situated,

       Plaintiffs,

v.                              Misc. Action No. 2:14-00050
                                  (A.P. No. 2:14-2022)

FREEDOM INDUSTRIES, INC. and
WEST VIRGINIA AMERICAN WATER COMPANY,

       Defendants.


KUPPEL LLC
d/b/a DREAM TANK
d/b/a CAPITOL DOME BAR & GRILLE
and REEMA FAMILY HAIRSTYLING,

       Plaintiffs,

v.                              Misc. Action No. 2:14-00051
                                  (A.P. No. 2:14-2023)

FREEDOM INDUSTRIES, INC.
and WEST VIRGINIA AMERICAN WATER,

       Defendants.

SHANNON LARWA and
SHANNON'S SUITE SALON, LLC
d/b/a SHANNON'S SUITE SALON and
JENNIFER SCHOOLCRAFT and INNOV8 SALON, LLC
d/b/a INNOV8 SALON, LLC and
ALEX MORGADO and MORGADO DESIGN, LLC
d/b/a MORGADO DESIGN and JOHN PATRICK BURGESS, DDS and
MADIGAN RAE BURGESS, DDS, individually and on behalf of
all others similarly situated,

   Plaintiffs,

v.          Misc. Action No. 2:14-00052
            (A.P. No. 2:14-2024)

FREEDOM INDUSTRIES, INC. and
WEST VIRGINIA AMERICAN WATER COMPANY,

   Defendants.


CORNELLISUS D. CHRISTIAN,

   Plaintiff,

v.          Misc. Action No. 2:14-00053
            (A.P. No. 2:14-2025)

FREEDOM INDUSTRIES, INC.,

   Defendant.


JOHN LEVIN and
LOUISA LEVIN
on behalf of themselves and
all others situated,

   Plaintiffs,

v.          Misc. Action No. 2:14-00054
            (A.P. No. 2:14-2026)

FREEDOM INDUSTRIES, INC. and
WEST VIRGINIA AMERICAN WATER COMPANY,

   Defendants.

7

```
GRAZIANO INVESTMENTS, INC. and
CATERING UNLIMITED, INC. and
SHELTON'S OF KANAWHA CITY, LLC and
ERIC BOOTH individually and on behalf of
others similarly situated,

        Plaintiffs,

v.                              Misc. Action No. 2:14-00055
                                 (A.P. No. 2:14-2027)


FREEDOM INDUSTRIES, INC.,

        Defendant.


HAIR WE ARE, INC.,

        Plaintiff,

v.                              Misc. Action No. 2:14-00056
                                 (A.P. No. 2:14-2029)


FREEDOM INDUSTRIES, INC. and
WEST VIRGINIA AMERICAN WATER,

        Defendants.


JUNE GURSKI
and JOHN DOE BUSINESS OWNER,

        Plaintiffs,

v.                              Misc. Action No. 2:14-00057
                                 (A.P. No. 2:14-2030)


FREEDOM INDUSTRIES, INC.
and WEST VIRGINIA-AMERICAN
WATER COMPANY
and JOHN DOE CORPORATION
1 THROUGH 5
and JOHN DOE,

        Defendants.
```

8

LITTLE BO PEEP DAYCARE and
KIDS R US DAYCARE and
PAULINE'S HOUSE OF CURLS and
JANE GURSKI and
PAULA MILLER, individually and on behalf
of others similarly situated,

   Plaintiffs,

v.           Misc. Action No.: 2:14-00058
             (A.P. 2:14-2031)

WEST VIRGINIA-AMERICAN WATER COMPANY,

   Defendant.


BOBBY L. TUCKER and
REBA TUCKER, his wife,

   Plaintiffs,

v.           Misc. Action No.: 2:14-00059
             (A.P. 2:14-2032)

WEST VIRGINIA-AMERICAN WATER COMPANY,

   Defendant.


MAID IN THE USA, INC., doing business as
Maid to Perfection of Charleston,

   Plaintiff,

v.           Misc. Action No.: 2:14-00060
             (A.P. 2:14-2030)

WEST VIRGINIA-AMERICAN WATER COMPANY,

   Defendant.

OTIS TUCKER and
DANETTE TUCKER, his wife,

     Plaintiffs,

v.                         Misc. Action No.: 2:14-00061
                          (A.P. 2:14-2034)

WEST VIRGINIA-AMERICAN WATER COMPANY,

     Defendant.


THE TOWN OF BUFFALO,

     Plaintiff,

v.                         Misc. Action No.: 2:14-00062
                          (A.P. 2:14-2035)

WEST VIRGINIA-AMERICAN WATER COMPANY,

     Defendant.


RONNIE ALLEN BRISCOE and
DENISE EVON BRISCOE,

     Plaintiffs,

v.                         Misc. Action No.: 2:14-00064
                          (A.P. 2:14-2037)

WEST VIRGINIA-AMERICAN WATER COMPANY,

     Defendant.

DEBORAH J. HEDRICK,

     Plaintiff,

v.                         Misc. Action No.: 2:14-00065
                          (A.P. 2:14-2038)

WEST VIRGINIA-AMERICAN WATER COMPANY,

     Defendant.

WILLIAM DESIMONE, JR. and
DEANNA L. DESIMONE,

      Plaintiffs,

v.                              Misc. Action No.: 2:14-00066
                                (A.P. 2:14-2039)

WEST VIRGINIA-AMERICAN WATER COMPANY,

      Defendant.


LARRY NEWHOUSE and
BRENDA NEWHOUSE,

      Plaintiffs,

v.                              Misc. Action No.: 2:14-00067
                                (A.P. 2:14-2040)

WEST VIRGINIA-AMERICAN WATER COMPANY,

      Defendant.


WELLINGTON'S, INC., a West Virginia corporation,
doing business as Wellington's Cafe' & Catering,

      Plaintiff,

v.                              Misc. Action No.: 2:14-00068
                                (A.P. 2:14-2041)

WEST VIRGINIA-AMERICAN WATER COMPANY,

      Defendant.

```
DARRELL L. MOORE and
TAMMY MOORE, his wife,[1]

        Plaintiffs,

v.                                      Misc. Action No.: 2:14-00069
                                        (A.P. 2:14-2042)


WEST VIRGINIA-AMERICAN WATER COMPANY,

        Defendant.


GARY N. DEWEESE and
CONNIE L. DEWEESE,

        Plaintiffs,

v.                                      Misc. Action No.: 2:14-00070
                                        (A.P. 2:14-2043)


WEST VIRGINIA-AMERICAN WATER COMPANY,

        Defendant.


GERALDINE JOHNS,

        Plaintiff,

v.                                      Misc. Action No.: 2:14-00071
                                        (A.P. 2:14-2044)


WEST VIRGINIA-AMERICAN WATER COMPANY,

        Defendant.
```

---

[1] The style of this civil action is amended to conform herewith.

CHRISTOPHER M. DEWEESE and
LORI L. DEWEESE,

      Plaintiffs,

v.                               Misc. Action No.: 2:14-00072
                                     (A.P. 2:14-2045)

WEST VIRGINIA-AMERICAN WATER COMPANY,

      Defendant.


CHRISTOPHER JORDAN,

      Plaintiff,

v.                               Misc. Action No.: 2:14-00073
                                     (A.P. 2:14-2046)

WEST VIRGINIA-AMERICAN WATER COMPANY,

      Defendant.


SANDYLOU & TIFFANY 2, LLC, a West Virginia corporation,
doing business as Angaleno's Pizza,

      Plaintiff,

v.                               Misc. Action No.: 2:14-00074
                                     (A.P. 2:14-2047)

WEST VIRGINIA-AMERICAN WATER COMPANY,

      Defendant.

MARGIE JORDAN,

      Plaintiff,

v.                                 Misc. Action No.: 2:14-00075
                                     (A.P. 2:14-2048)

WEST VIRGINIA-AMERICAN WATER COMPANY,

      Defendant.

NICK KONNOVITCH,

       Plaintiff,

v.                                Misc. Action No.: 2:14-00076
                                      (A.P. 2:14-2049)

WEST VIRGINIA-AMERICAN WATER COMPANY and
FREEDOM INDUSTRIES, INC.,

       Defendants.


MISTY HARRIS,

       Plaintiff,

v.                                Misc. Action No.: 2:14-00077
                                      (A.P. 2:14-2050)

WEST VIRGINIA-AMERICAN WATER COMPANY,

       Defendant.


MARY BARBER

       Plaintiff

v.                                Misc. Action No.: 2:14-00078
                                      (A.P. No. 2:14-2051)

WEST VIRGINIA AMERICAN WATER COMPANY

       Defendant

WARREN SHAMBLIN and
JESSICA SHAMBLIN,

       Plaintiffs

v.                                Misc. Action No.: 2:14-00079
                                      (A.P. No. 2:14-2052)

WEST VIRGINIA AMERICAN WATER COMPANY

       Defendant

BUFFALO VOLUNTEER FIRE DEPARTMENT, INC.,

        Plaintiff

v.                              Misc. Action No.: 2:14-00080
                                   (A.P. No. 2:14-2053)

WEST VIRGINIA AMERICAN WATER COMPANY

        Defendant


TRENT FORBIS and
LESLI FORBIS

        Plaintiffs

v.                              Misc. Action No.: 2:14-00081
                                   (A.P. No. 2:14-2054)

WEST VIRGINIA AMERICAN WATER COMPANY

        Defendant


EJ&K ENTERPRISES, LLC and
SOUTH HILLS MARKET & CAFÉ, LLC

        Plaintiffs

v.                              Misc. Action No.: 2:14-00082
                                   (A.P. No. 2:14-2055)

WEST VIRGINIA AMERICAN WATER COMPANY

        Defendant

JASON BROGAN

        Plaintiff

v.                              Misc. Action No.: 2:14-00083
                                   (A.P. No. 2:14-2056)

WEST VIRGINIA AMERICAN WATER COMPANY

        Defendant

AM & GH LLC,
doing business as
Grano, and L AND G FOODS, INC. and
SAHARA CATERING & RESTAURANT, INC., and
MADELINES CAFÉ INC., and
MOUND CLEANERS, INC., and
NEXUS ATHLETIC CLUBS, INC., and
CITY FITNESS, INC., and
NAUTILUS FITNESS CENTER, INC., and
KINETIX FITNESS LLC, and
PAUL WALTON, JR., and
TABETHA PEIROS and
BART A. ROBERTS and
KRISTI MADDOX,
and all others similarly situated,

       Plaintiffs

v.                                         Misc. Action No.: 2:14-00084
                                           (A.P. No. 2:14-2057)


WEST VIRGINIA AMERICAN WATER COMPANY

       Defendant


FALBO & MONDAY, PLLC,
and similiarly situated,

       Plaintiffs

v.                                         Misc. Action No.: 2:14-00085
                                           (A.P. No. 2:14-2058)

WEST VIRGINIA AMERICAN WATER COMPANY

       Defendant

16

J. E., individually
and on behalf of their minor child,
K.E.,

       Plaintiff

v.                              Misc. Action No.: 2:14-00086
                                  (A.P. No. 2:14-2059)

WEST VIRGINIA AMERICAN WATER COMPANY

       Defendant


MELISSA JEAN MEDLEY,

       Plaintiff

v.                              Misc. Action No.: 2:14-00087
                                  (A.P. No. 2:14-2060)

WEST VIRGINIA AMERICAN WATER COMPANY

       Defendant


RICHARD GRAVELY,

       Plaintiff

v.                              Misc. Action No.: 2:14-00088
                                  (A.P. No. 2:14-2061)

WEST VIRGINIA AMERICAN WATER COMPANY

       Defendant

SCOTT MILLER and
BAR 101, LLC, and
ICHIBAN, individually and on
behalf of all others similarly situated,

   Plaintiffs

v.          Misc. Action No.: 2:14-00089
              (A.P. No. 2:14-2062)

WEST VIRGINIA AMERICAN WATER COMPANY

   Defendant


MARK STRICKLAND,

   Plaintiff

v.          Misc. Action No.: 2:14-00090
              (A.P. No. 2:14-2063)

WEST VIRGINIA AMERICAN WATER COMPANY

   Defendant


DANIEL CLEVE STEWART,

   Plaintiff

v.          Misc. Action No.: 2:14-00091
              (A.P. No. 2:14-2064)

WEST VIRGINIA AMERICAN WATER COMPANY

   Defendant

KRISTY ORD and SHERRI VANCE and
CAMBREE VANCE and ANN PERRINE and
SANDRA BOWLES and JENNIFER TOTTEN and
WILLIAM G. JONES,

       Plaintiffs

v.                              Misc. Action No.: 2:14-00092
                                (A.P. No. 2:14-2065)

WEST VIRGINIA AMERICAN WATER COMPANY

       Defendant


ADELPHIA, INC.,
on behalf of themselves and
all others similarly situated,
doing business as
Adelphia Sports Bar & Grill,
doing business as
Capitol Car Wash,
doing business as
Spyros Parking Lots,

       Plaintiffs

v.                              Misc. Action No.: 2:14-00093
                                (A.P. No. 2:14-2067)

WEST VIRGINIA AMERICAN WATER COMPANY

       Defendant

KANAWHA GOURMET SANDWICHES, LLC,
individually and on behalf of
all others similarly situated

       Plaintiff

v.                                                    Misc. Action No.: 2:14-00098
                                                       (A.P. No. 2:14-2028)

FREEDOM INDUSTRIES, INC., and
WEST VIRGINIA AMERICAN WATER and
OFFICIAL COMMITTEE OF UNSECURED
CREDITORS FOR FREEDOM INDUSTRIES, INC.,

       Defendants


## MEMORANDUM OPINION AND ORDER

Pending are omnibus motions to withdraw reference of
these cases to the bankruptcy court, filed on or about March 3,
2014, in the above-styled adversary proceedings.


I.


Freedom is a West Virginia corporation engaged
primarily in the production of specialty chemicals for the
mining, steel, and cement industries.  It is also a leading
supplier of freeze conditioning agents, dust control
palliatives, flotation reagents, water treatment polymers, and
other specialty chemicals.  Freedom operates two production
facilities in West Virginia, namely, in Nitro ("Nitro Facility")
and Charleston ("Charleston Facility").

On January 9, 2014, an apparent leak occurred in one of Freedom's storage tanks located at the Charleston Facility. On January 17, 2014 ("Petition Date"), Freedom petitioned in this district for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101.

At the time of filing of the omnibus motions to withdraw reference, 62 civil actions had been instituted against various defendants relating to the incident.  Freedom contends it is foreseeable that, in those cases where it is not named, parties will assert indemnity or contribution claims against it at a later time.  On February 21 and 22, 2014, Freedom removed to the bankruptcy court those state actions in which it was named a defendant.  On February 24, 2014, West Virginia American Water Company ("WVAWC") removed to this court as "related-to" cases each of the state actions in which Freedom was not named.[2]

The factual allegations in all of the cases arise from the alleged leak.  According to Freedom, the claims vary and rely on a range of legal and equitable theories.  No one

---

[2] Two cases were instituted in the district court invoking federal question jurisdiction.  Two more were removed and invoke diversity jurisdiction under the Class Action Fairness Act ("CAFA") and 28 U.S.C. § 1332(d)(2).  The remaining actions were instituted in various state circuit courts and removed as adversary proceedings pursuant to 28 U.S.C. §§ 1334 and 1452(a).

disputes, however, that the plaintiffs assert one or more of four categories of claims as follows: (a) physical personal injury tort claims, such as bodily injury, emotional distress and/or requests for medical monitoring to detect bodily injury in the future; (b) non-physical personal injury tort claims, such as annoyance, loss of enjoyment, nuisance and inconvenience; (c) property-related claims, such as trespass, property damage, and loss of use of property; and (d) financial claims, such as lost income or loss-of-business claims.

The court has reviewed the claims register in the case. At this point, it does not appear that any of the plaintiffs have filed a claim against Freedom. A jury trial is demanded in all of the actions.

II.

A.   The Governing Standard

From the outset, it is important to take note of our court of appeals' views concerning the respective powers of the district and bankruptcy courts in a setting such as this:

> [F]ederal district courts exercise original
> jurisdiction over all "matters and proceedings in
> bankruptcy," 28 U.S.C. § 1334, and bankruptcy judges
> "serve as judicial officers of the United States

22

> district court established under Article III of the
> Constitution." 28 U.S.C. § 152(a)(1). Bankruptcy
> courts are . . . "unit[s] of the district court," 28
> U.S.C. § 151, and derive their jurisdiction only
> through 28 U.S.C. § 157(a), which authorizes district
> courts to refer bankruptcy matters at their discretion
> to bankruptcy courts. <u>However, district courts retain
> the power to withdraw any reference from the
> bankruptcy court</u>. 28 U.S.C. § 157(d). Thus, "while
> functionally there may appear to be a separate
> bankruptcy court, for jurisdictional purposes there is
> only one court, <u>i.e.</u>, the district court." <u>In re
> Northwest Cinema Corp.</u>, 49 B.R. at 480.

<u>In re Grewe</u>, 4 F.3d 299, 304 (4th Cir. 1993) (footnote omitted);

<u>see also</u> <u>Anderson v. Federal Deposit Ins. Corp.</u>, 918 F.2d 1139,

1142 (4th Cir. 1990) ("District courts may withdraw reference to

the bankruptcy court of a bankruptcy case or related proceeding,

in whole or in part under 28 U.S.C. § 157(d).").

There is good reason for withdrawal at this time.  It

appears at this juncture that, despite the presence of equitable

claims, the plaintiffs have essentially pled actions at law

seeking damages.  As the Supreme Court held in <u>In</u>

<u>Granfinanciera, S.A. v. Nordberg</u>, 492 U.S. 33 (1989), a right to

a jury trial attaches in such actions.  The equitable claims do

not require a different result.

In <u>Dairy Queen, Inc. v. Wood</u>, 369 U.S. 469 (1962), the

Supreme Court reiterated that "where both legal and equitable

issues are presented in a single case, 'only under the most

23

imperative circumstances . . . can the right to a jury trial of legal issues be lost through prior determination of equitable claims.'"  Id. at 472-73 (quoting Beacon Theatres v. Westover, 359 U.S. 500, 510-11 (1959)).  As further stated in Dairy Queen:

> [T]he constitutional right to trial by jury cannot be made to depend upon the choice of words used in the pleadings. The necessary prerequisite to the right to maintain a suit for an equitable accounting, like all other equitable remedies, is . . . the absence of an adequate remedy at law.

Id. at 477-78.

Our court of appeals addressed a withdrawal of reference request as to core claims in In re Stansbury Poplar Place, Inc., 13 F.3d 122 (4th Cir. 1999).  In re Stansbury involved five related bankruptcy estates.  An omnibus creditors' committee instituted adversary proceedings against the debtors' officers, directors, insiders and shareholders ("defendants") on a variety of grounds.  Defendants contended that (1) they enjoyed a Seventh Amendment right to jury trials on the committees' fraudulent conveyance actions, (2) the bankruptcy court lacked authority to conduct the trials, and (3) the order of reference should be immediately withdrawn.

After concluding defendants were correct on the first two points, the court of appeals parted company with them on the necessity of immediate withdrawal.  The underlying analysis is

instructive here:

> Our holding that bankruptcy judges are not
> authorized to conduct jury trials does not mean that
> the bankruptcy court immediately loses jurisdiction of
> the entire matter or that the district court cannot
> delegate to the bankruptcy court the responsibility
> for supervising discovery, conducting pre-trial
> conferences, and other matters short of the jury
> selection and trial.   The decision whether or not to
> withdraw the referral immediately "is frequently more
> a pragmatic question of efficient case administration
> than a strictly legal decision." <u>Travelers Ins. Co.
> v. Goldberg</u>, 135 B.R. 788, 792 (D. Md. 1992).   While
> the bankruptcy court may be uniquely qualified to
> conduct pre-trial matters in some core proceedings, in
> other cases such a referral would be a "futile detour,
> requiring substantial duplication of judicial effort."
> <u>Compare</u> <u>Travelers Ins. Co.</u>, 135 B.R. at 792-93 <u>with</u>
> <u>City Fire Equipment Co. v. Ansul Fire Protection</u>
> <u>Wormald U.S., Inc.</u>, 125 B.R. 645, 649 (N.D. Ala. 1989)
> (bankruptcy court has the authority and is uniquely
> qualified to supervise discovery and decide pre-trial
> issues).   This type of pragmatic decision is best
> left to the district court and we remand for that
> court to consider the Committee's request.

<u>Stansbury</u>, 13 F.3d at 128.


> The court concludes that the plaintiffs in the

aforementioned adversary proceedings appear entitled to a jury

trial as requested in each of the actions covered by the motions

for withdrawal of reference.   It further does not appear that

any party desires to consent to the bankruptcy court conducting

jury trials in these matters pursuant to 28 U.S.C. § 157(e), nor

that such right to a jury trial has been somehow waived by the

claims process to date.   Inasmuch as many of these related-to

cases involve traditional personal injury tort claims of a non-

core variety, the better course is to withdraw reference immediately to assure efficient case administration.[3]  It is, accordingly, ORDERED that the motions to withdraw reference be, and hereby are, granted.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record.

DATED:  April 16, 2014

John T. Copenhaver, Jr.
United States District Judge

---

[3] It is noted that these types of claims are the subject of mandatory withdrawal of reference pursuant to 28 U.S.C. § 157(b)(5).  Id. ("The district court shall order that personal injury tort . . . claims shall be tried in the district court in which the bankruptcy case is pending . . . .").